UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-22810-Civ-SCOLA

FEDERAL DEPOSIT
INSURANCE COMPANY

    Plaintiff,
vs.

TRADE STREET HOLDINGS, LLC
F/K/A BCOM CCB HOLDINGS, LLC

    Defendant.
_____/

## ORDER REMANDING CASE

THIS MATTER is before the Court on the Defendant's Motion to Remand (ECF No. 8). The FDIC has not filed a response or moved for an extension of time to file its response to the Defendant's motion. The deadline for filing its opposition to the Defendant's motion has now passed.

On March 3, 2011, Plaintiff's predecessor in interest, Cortez Community Bank ("CCB") filed this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. On Friday, April 29, 2011, CCB was closed by the Florida Office of Financial Regulation and the FDIC was appointed Receiver. On July 11, 2011, the FDIC filed its Motion for Substitution of Party with the Eleventh Judicial Circuit. That Motion stated that substitution of the FDIC was mandated under 12 U.S.C. § 1819(b)(2)(B) and Fla. R. Civ. P. 1.260(c) as a result of the FDIC's appointment as Receiver. The state circuit court did not issue an order granting the FDIC's Motion for Substitution of Party until July 19, 2012. Then on July 31, 2012, the FDIC removed this matter to federal court under its authority to do so under 12 U.S.C. § 1819(b)(2)(B).

1

"The FDIC has the statutory right to remove to federal court certain state court actions within the '90–day period beginning on the date the action, suit, or proceeding is filed against the Corporation *or the Corporation is substituted as a party.*'" *F.D.I.C. v. N. Savannah Prop., LLC*, 686 F.3d 1254, 1258, (11th Cir. 2012)(quoting 12 U.S.C. § 1819(b)(2)(B))(emphasis in original). The Defendant argues that this case should be remanded to the state circuit court because the FDIC missed its ninety day deadline for removal that began running on July 11, 2011, the date it filed its Motion for Substitution of Party. The Eleventh Circuit has recently ruled that "as a matter of federal law, the FDIC is 'substituted as a party' in a state court proceeding under 12 U.S.C. § 1819(b)(2)(B) once it is appointed receiver *and* files a notice of substitution." *N. Savannah*, 686 F.3d at 1256 (emphasis in original). In *North Savannah*, the Eleventh Circuit found that the district court had gone "too far in demanding that the state court grant a motion for substitution in order that the FDIC be 'substituted as a party' for the purposes of § 1819(b)(2)(B)." *Id.* at 1259. The Eleventh Circuit noted that "as a matter of federal law a state court does not have any discretion to deny substitution of the FDIC for a failed institution which no longer has a separate existence." *Id.* at 1260. And granting the state court the ability to prevent removal by denying substitution would frustrate the purposes of § 1819(b)(2)(B) to choose a federal forum. *Id.*

In the instant matter, the FDIC filed its Motion for Substitution of Party on July 11, 2011. This filing started the running of the ninety day deadline for the FDIC to exercise its right to remove the case to federal court. The FDIC had until October 10, 2011 to remove this case to federal court. The FDIC's attempt to remove the case on July 31, 2012 was clearly past the ninety day deadline established by federal law and as illustrated in *North Savannah*.

Accordingly, it is **ORDERED and ADJUDGED** that the Plaintiffs Motion for Remand (ECF No. 8) is **GRANTED**. The Clerk shall **CLOSE** this matter, and take all necessary steps to ensure the prompt **REMAND** of this action and transfer this file back to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**DONE and ORDERED** in chambers, at Miami, Florida, on August 24, 2012.

_____
ROBERT N. SCOLA, JR.
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*